<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SAMORA PATTERSON,<br><br>　　　　　Defendant. | Criminal Action No. 20-494 (SDW)<br><br>**WHEREAS OPINION**<br><br>April 27, 2023 |

　　　　**THIS MATTER** having come before this Court upon Defendant Samora Patterson's *pro se* "Emergency Motion to Extend Date Set Forth in Order of Surrender or Remain Released Pending Appeal" (D.E. 50 ("Motion")), and *pro se* supplemental motion in further support of the Motion (D.E. 53), requesting bail pending appeal pursuant to 18 U.S.C. § 3143(b); and

　　　　**WHEREAS** on March 9, 2022, pursuant to a plea agreement (D.E. 28), Defendant pleaded guilty to one count of transacting in criminal proceeds, in violation of 18 U.S.C. § 1957. (D.E. 26, 39.) In accepting Defendant's plea, this Court confirmed that the plea was knowing and voluntary, that there was a factual basis for the plea, and that Defendant understood this Court would determine the appropriate sentence "regardless of any agreements [Defendant] believe[d] exist[ed]" between himself, his attorney, and the Government. (D.E. 39 at 4–17.) This Court explained that Defendant's plea of guilty meant that there would be no trial, and the Government would "not have to prove [him] guilty beyond a reasonable doubt." (*Id*. at 6.) This Court highlighted certain provisions of the Plea Agreement, including those by which Defendant had agreed to waive his appellate rights, and confirmed that Defendant understood the Plea Agreement

and voluntarily agreed to waive his right to appeal any sentence "at a Level 13 or lower" under the Sentencing Guidelines. (*Id*. at 10–12.) This Court also highlighted the provision of the Plea Agreement wherein Defendant agreed to pay full restitution to the victim, and confirmed that Defendant "agree[d] that the loss amount for the victim . . . is at least $1,889,000." (*Id*. at 9; *see* D.E. 28 at 2–3.); and

**WHEREAS** at sentencing on March 1, 2023, this Court determined that Defendant's offense level under the Sentencing Guidelines was 13, and his criminal history category was II, yielding a recommended sentence of 15 to 21 months' imprisonment. (D.E. 43 at 18, 22.)[1] This Court sentenced Defendant to 15 months' imprisonment and ordered him to pay restitution in the amount of $1,889,00.00. (D.E. 42 at 2, 7.) On March 10, 2023, Defendant filed a notice of appeal in the Third Circuit. (D.E. 44.)[2] Meanwhile, Defendant was ordered to voluntarily surrender to the Bureau of Prisons on April 5, 2023. (D.E. 52-1.) On April 3, 2023, Defendant filed the instant Motion. (D.E. 50.) This Court delayed Defendant's surrender date until May 5, 2023, to allow the Government time to file a response. (D.E. 50, 51.) On April 21, 2023, the Government filed a response opposing the Motion. (D.E. 52.) On April 26, 2023, Defendant, *pro se*, filed a supplemental motion in further support of the Motion. (D.E. 53.); and

**WHEREAS** a defendant sentenced to a term of imprisonment must be detained while his appeal is pending, unless this Court finds (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released"

---

[1] Defendant's counsel agreed with the offense level but argued that Defendant's criminal history category was I, in which case the recommended sentence would have been 12 to 18 months. (D.E. 43 at 5.)

[2] The Government has moved to dismiss Defendant's appeal as barred by the waiver of appellate rights in his Plea Agreement. (D.E. 52-5.)

2

and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a reduction in sentence, or a new trial.  18 U.S.C. § 3143(b); *see United States v. Miller*, 753 F.2d 19, 21–24 (3d Cir. 1985).  The defendant bears the burden of proving each of these criteria.  *Miller*, 753 F.2d at 24.  To demonstrate that he has raised a "substantial question" on appeal, a defendant must demonstrate not only that it is substantial or "significant," but also that it is "novel, not governed by controlling precedent[,] or fairly doubtful." *United States v. Smith*, 793 F.2d 85, 88 (3d Cir. 1986); and

  **WHEREAS** Defendant has not demonstrated that any of the issues raised on appeal present a substantial question likely to result in reversal or any modification of his sentence or conviction.[3]  First, Defendant asserts that he is innocent of the crime because he did not know that the funds he withdrew were criminal proceeds, and that he "indicated" as much to the Court on the day of his plea. (D.E. 50 at 1, 6–7.)  He made no such indication.  (*See* D.E. 39.)  To the contrary, he told this Court under oath that he withdrew the funds knowingly and intentionally, while "aware that the funds were the proceeds of a crime, namely wire fraud."  (D.E. 39 at 14–15.)  Second, Defendant implies that his plea was not knowing and voluntary, by arguing that he entered into the plea based on indications by both his counsel and the Government that he would not serve a term of imprisonment if he accepted the plea.  (D.E. 50 at 1–3, 7.)  However, the record reflects that Defendant's plea was knowing and voluntary, and that he understood this Court would determine the appropriate sentence "regardless of any agreements [Defendant] believe[d]

---

[3] Defendant's notice of appeal (D.E. 50-3) does not state the grounds for appeal, and Defendant has not provided copies of any appellate brief, so this Court considers Defendant's arguments as they are presented in the instant Motion and Supplemental Motion.  (D.E. 50, 53.)

3

exist[ed]" between himself, his attorney, and the Government. (D.E. 39 at 4–17.)[4] Third, Defendant challenges his conviction on evidentiary grounds, claiming that the Government did not provide certain discovery materials or prove his guilt. (D.E. 50 at 1–2, 7.) These arguments are unavailing because Defendant was convicted by his own plea of guilty, and understood that he was waiving his right to a trial and to have the Government prove him guilty beyond a reasonable doubt.[5] (D.E. 39 at 6.); and

**WHEREAS**, Fourth, Defendant challenges his sentence by arguing that the restitution amount was "incorrect" and "not supported by evidence," and that his sentence to 15 months' imprisonment is a "manifest injustice" because his coconspirator was not sentenced to a term of imprisonment. (D.E. 50 at 1, 6–7.) However, Defendant agreed to this restitution amount, and the coconspirator in question has not yet been sentenced. (D.E. 39 at 9; D.E. 28 at 2–3; *see* Docket No. 20-cr-315 (SDW)). More fundamentally, Defendant waived his right to appeal a sentence of 15 months' imprisonment, and also waived his right to appeal the restitution which is part of the sentence. (*See* D.E. 28 at 10, D.E. 39 at 9–12.) *See United States v. Perez*, 514 F.3d 296, 299 (3d Cir. 2007); and

**WHEREAS** Defendant also raises ineffective assistance claims. Although he did not waive his right to raise such claims in his Plea Agreement, those claims are typically only considered in a motion pursuant to 28 U.S.C. § 2255 and *not* on direct appeal, and thus cannot be

---

[4] On appeal, Defendant's claims that his plea was not knowing and voluntary would be reviewed for plain error, because they were not raised in this Court, further diminishing the likelihood that they would result in reversal. *See United States v. Agarwal*, 24 F.4th 886, 892 (3d Cir. 2022).

[5] "A valid guilty plea renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered," including the discovery issues raised here. *Class v. United States*, 138 S. Ct. 798, 805 (2018).

a basis for releasing Defendant while his appeal is pending. *See United States v. McLaughlin*, 386 F.3d 547, 555 (3d Cir. 2004); 18 U.S.C. § 3143(b); therefore

Defendant's Motions (D.E. 50, 53) are **DENIED**.  An appropriate order follows.

                                                                                        /s/ *Susan D. Wigenton*
                                                                              **SUSAN D. WIGENTON**
                                                            **UNITED STATES DISTRICT JUDGE**

Orig:        Clerk
cc:          Parties